**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3499
_____

WALTER A. TORMASI,
                    Appellant

v.

GEORGE HAYMAN, DEPARTMENT OF CORRECTIONS (DOC) COMMISSIONER;
JAMES BARBO, DOC DIRECTOR OF DIVISION OF OPERATIONS; RONALD H.
CATHEL, NEW JERSEY STATE PRISON (NJSP) ADMINISTRATOR; AL
KANDELL, NJSP ASSOCIATE ADMINISTRATOR; DONALD MEE, NJSP
ASSOCIATE ADMINISTRATOR; MICHELLE RICCI, NJSP ASSOCIATE
ADMINISTRATOR;BUTLER, INVESTIGATOR, JSP/DOC SPECIAL
INVESTIGATIONS DIVISION (SID) AGENT; DOLCE, INVESTIGATOR, NJSP/DOC
(SID) AGENT; MAGINNIS, INVESTIGATOR, NJSP/DOC (SID) AGENT; SIERRA,
INVESTIGATOR, NJSP/DOC (SID) AGENT; WOJCIECHOWICZ, INVESTIGATOR,
NJSP/DOC (SID AGENT); PAMELA TRENT, ASSOCIATE ADMINISTRATOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-05683)
District Judge: Honorable Joel A. Pisano
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2012
Before:  JORDAN, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: April 3, 2012)
_____

OPINION
_____

PER CURIAM

Walter Tormasi appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Tormasi's claims are well known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Briefly, Tormasi filed a civil rights complaint alleging that Appellees denied him access to the courts when they confiscated some of his legal materials and disciplined him for possession of contraband. The District Court granted Appellees' motion for summary judgment, and Tormasi filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Although his state post-conviction proceedings were over, Tormasi claims that he was afraid that if he filed future state post-conviction petitions or a federal habeas petition, he would be disciplined for possessing his appendices which contained the Anarchist's Cookbook. We agree with the District Court that Appellees did not impede Tormasi's litigation of any claims challenging his criminal conviction. As noted by the District Court, Tormasi could have simply referred to his prior briefs for citations to the material or arranged for a copy of the contraband materials to be sent to the state or

2

federal court.  Thus, the fact that Tormasi is not permitted to possess the <u>Anarchist's</u> <u>Cookbook</u> in prison does not violate his right to access to the courts or his freedom of speech.  Because we agree with the District Court that Appellees did not did not impede or frustrate Tormasi's claims regarding his criminal conviction, we need not address whether his potential claims had any merit.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351-52 (1996).

Tormasi also argues that the seizure of his documents and the disciplinary action against him was an exaggerated response by Appellees.  Tormasi argued that the contents of the <u>Anarchist's</u> <u>Cookbook</u> are available to prisoners.  To support this argument, he submitted over three hundred pages of encyclopedia entries on ammunition, explosives, grenades, gunpowder, rockets, etc.  He does not explain how any specific entry corresponds to a section of the <u>Anarchist's</u> <u>Cookbook</u> or how the passages from the encyclopedia would threaten prison security in a manner similar to the <u>Anarchist's</u> <u>Cookbook</u>.  We agree with the District Court that the Appellees' confiscation of the Anarchist's Cookbook from a prisoner was a reasonable response to the security concerns that book poses to a correctional environment.  <u>Turner v. Safley</u>, 482 U.S. 78, 89-90 (1987).

For the above reasons, we will affirm the District Court's judgment.

3